24-1293, et al. Secretary of Labor and Mine Safety and Health Administration, Petitioner, v. Knight Hawk Coal, LLC and Federal Mine Safety and Health Review Commission. And case number 24-1294, et al. Secretary of Labor and Mine Safety and Health Administration, Petitioner, v. Prince Oak Grove Resources, LLC, et al. Ms. Maltz for the petitioner, Mr. Schmidt, and Ms. Gutierrez for the respondent. Ms. Maltz, good morning. Good morning. May it please the court, I'm Susanna Maltz for the Secretary of Labor. With me at council's table is Allie Badun, also of the secretary's office. I see that the court is, I'd like to reserve 2 minutes for rebuttal, please. Can you raise that a little bit? I'm so hard of hearing. Absolutely. I'm happy to hear what you have to say. And I'll speak up as well. Great. Thank you. The Mine Act has a split enforcement scheme. It creates 2 distinct roles for the secretary and the commission. The secretary enforces the act and the commission adjudicates disputes. But the commission now asserts that it has the power to do both and review and approve the secretary's enforcement decisions. As this court has reminded the commission in the past, that is not its role. I will address the jurisdictional issues first. The orders in this case are collateral orders. They conclusively resolve a disputed issue, an important issue separate from the merits. This issue is important because it concerns the different roles of the secretary and the commission. It's analogous to a separation of powers concern. So, it seems to me, though, that you could get this issue resolved after there's the equivalent of a final judgment in the case, right? Because it seems like if this were remanded to the agency, there would be a hearing. And after the hearing, then there could be appellate review. Why shouldn't that's the norm. And why shouldn't it be done that way? That is the norm. I think it would be very difficult for the secretary to preserve that issue and get review of a decision, particularly if that decision were in her favor. It's not clear that the secretary would have the authority to appeal a favorable decision. She can't cross appeal, though, on the settlement issue? It's not clear that she would be able to do that with this. Has there ever been cross appeals? There have been cross appeals in general, Your Honor, but I don't know that there have been cross appeals with respect to an issue relevant to the settlement portion of the case. Why wouldn't that be a permissible appeal? Because I guess, in the analogous district court context, everything is up for appeal after the final judgment. And I don't see why this would be any different. Well, I think the court's decision in Meredith v. Femtrick has some language about whether or not the secretary can appeal orders from just orders in general or only orders that she's aggrieved by under Section 106 of the Mine Act. Well, you certainly think you're aggrieved. Well, if we came out in trial, I'm sorry to speak over you. No, not at all. If these cases were remanded and they went through a trial, you know, there's a possibility that the secretary would win on the merits issues at trial, and it's not clear that she would be able to appeal this issue. Well, she would be able to appeal in that case, but this is, you've got, what, 11 cases before us. Like, one of these, either she wouldn't prevail or the other side would appeal, and then she could cross appeal. I just don't see how this issue, which is a legal issue, is going to evade review indefinitely. I, you know, I don't concede that we wouldn't win every single one, Judge Pan, but I take your point. I just, I think that the lack of clarity as to whether or not the secretary could ever get review on this, depending on these various different outcomes, demonstrates that that's sufficient to create an effective unreviewability in this case. You also have that for decades, the secretary has provided some explanation, you know, whether it be for, as part of the settlement motions for vacator or the SNS designations. So, why do we consider this when you're thinking about the Cohen factors, you know, particularly second and third prong of Cohen? Why is this of such importance, you know, that we would overturn, you know, or that it would meet those factors or not meet those factors? So, it's not the case that the secretary has provided explanations for vacatures and SNS removals in her settlement, proposed settlement motions. It is the case that she's provided, you know, robust explanations as to changes in the penalty, and those speak to the penalty factors under Section 110I of the Mine Act. But the secretary has not explained her vacature removals typically, or her, I'm sorry, her vacatures of citations or her SNS removals typically. She never has? No, it's not that, she has here and there, you know, there are thousands of cases, so. But that's what I'm getting at. Yeah. Go ahead. Oh, go ahead. I mean, before you've taken the position here today, if an ALJ asked the secretary for her reasons for vacating SNS or dismissing a citation, would the secretary have responded? No. It seems like this is a new position that you're taking. No, this is the position that the secretary has taken since Mechanicsville and since RBK. Now, I'm aware, I think, of RBK. So I want to understand your answer then, because I thought you just said that if in the past an ALJ asked the secretary, why have you done this? She would have responded, because now her policy is, I can't respond to that, or I won't respond to that. If in the past, I'm sorry, I just want to make sure that I'm answering with clarity. If in the past, an ALJ, prior to these orders, if an ALJ asked the secretary, justify your reason for vacating a citation or removing an SNS designation from a citation, the secretary would not do that since RBK and since Mechanicsville. It is the case that the secretary has not justified those decisions. So she has consistently refused to justify these types. That's right. And the commission has, you know, until these orders, the commission has accepted that. And that has been, the commission has, you know, reaffirmed the secretary's enforcement authority and prosecutorial power, I think, in Black Beauty, Cole. You know, we've cited some North American drillers. In our briefs, we've cited some cases in the past where the commission has affirmed the secretary's authority to vacate and to remove SNS. Well, she certainly has the authority to do that. The question is whether she has to explain it so that it can be reviewed under the statute. And I guess what I'm hearing from you, I had assumed that it was a change of position by the secretary, but you're telling me it was a change of position by the commission. That's right. Because the commission used to accept that this was a prosecutorial thing, and they never would. Yes, that's correct. But is this not the same issue that was brought up and abandoned by the secretary in the American Cole litigation? So, I don't know that I understand that. Regarding the American Cole litigation from 2016, did this issue not get addressed and then abandoned? With respect to the secretary's authority. So, my understanding of the American Cole litigation is that there was a question as to whether or not the secretary had to justify, you know, certain factual circumstances having to do with a penalty. Issues, and the secretary agrees that she has to justify the proposed penalty, you know, any changes to the proposed penalty and settlement. But I don't know that American Cole addressed the secretary's, the secretary's authority to remove SNS or vacate citations without review by the commission. And that's, you know, that is not, I'm certain that that's not the case in American Cole. So, if we can go back to the jurisdictional issue, it just seems that the collateral order doctrine has been really viewed narrowly by the Supreme Court. And it's only been accepted by the Supreme Court in instances where it seems that. The interest is in just not having to litigate immunity cases, qualified immunity, sovereign immunity, 11th amendment immunity. And this is just not that kind of case. And I know that there is a provision under the 3rd prong of the Cohen test that says, you know, finality. And then if it's a really important issue, essentially, and I just don't see. How this situation before us fits in with the other types of situations, but the Supreme Court has approved applying the collateral order doctrine. So, I think we've made the point that it's analogous to a separation of powers concern. The adjudicatory agency is encroaching on the same branch of the government. So, it isn't really a separation of power. I understand it is not a constitutional issue, but there is this issue of the adjudicatory body encroaching on the prosecutorial enforcement authority of an enforcing arm. I guess it's the best you can do, but that's very different in kind from immunity doctrines, which is what Supreme Court has approved. I, if that is, yeah, you know, I can't quibble with that judge, but we, these orders here meet the collateral order test and they are incredibly important, you know. In general to the administration, effective administration of the statute. If the commission is playing the role of prosecutor and adjudicator, but why does it need to be decided immediately? Now, back to my 1st question, you can just litigate this after there's the equivalent of a final judgment. It's our position that it's not clear that we would be able to do that. At some point. You would be able to over a course of all of these cases. I don't say it's a legal. It's a legal issue that applies across many, many cases and eventually you'll get to litigate this. I don't see what the emergency is. So. Insofar as there are practical concerns, I'm happy to speak about the immediacy of of those, you know, the secretary needs to be able to preserve her prosecutorial authority and and not allow the commission to make her prosecutorial decisions that she has because the commission. This was interesting to me, too, because basically my understanding is. Secretary came forward with settlement proposal, some appraisal says we're getting rid of or we're dismissing citations says, why are you doing that? Secretary says, not telling you. And then the says, okay, well, I'll just approve it. I just want to prove it then because of this, the 2nd, the secretary has not lost her ability. To not give this information, because the for whatever reason isn't insisting and isn't I don't know, holding her in contempt, whatever the, the equivalent would be in this context, but. She's not being forced to disclose this information. The are just taking it, but she's not able to settle the cases or to go forward either. And so that's. Her concern here is that she's not able to exercise that power. But then that's a different. That's a different interest that you're asserting 1st. You said it was her. It's really important that she'd be able to exercise her prosecutorial discretion and not tell. She's not losing that power because she's not telling. And then you fall back on. Well, that's just to go to trial, but that's what everybody says about trying to do an interlocutory appeal. The interest that we are putting forward is her interest in her in preserving her prosecutorial power, which she has preserved. Yes, for now. And. Right, but again, I just don't see why you can't go through the normal process and then raise this after the equivalent of a final judgment. I take your point judgment. I am. I do, you know, it is our position that these are effectively unreviewable and we're not clear that we could get review after final order. I just don't understand why that's the case across all of the cases that that you're litigating. Well, there's just not going to get this reviewed a certainty that we would be able to appeal from from this issue. If it were preserved through trial litigation that didn't have to do with the settlement and then if we were able to prevail a trial on. You know, imagine that the secretary did not vacate the SNS because she didn't. So imagine the secretary went through on 1 of these. Citations that she would have vacated and 1, it's not clear that she would be able to appeal them that issue. Why is that unclear? Well, there's not we don't have case law that suggests that she would be able to do that. So you can, you can raise it. I do. I do can see that we could try, but it is what we are. Our position is that. That is a narrow path, possibly an impossible, but I just think the common factors is a very high standard for you. And I just don't I understand not hearing from you any urgency here. There is urgency here, but the secretary's own admission in response to the rule to show cause she can raise the issue about the scope of her authority on appeal. Right? She may be able to, but I think that's our concern is that. You know, if we could preserve that issue. The scope of her authority to vacate and without review from the commission in a settlement context, if she then goes through a trial, if she can, if she can preserve that issue, then it's not clear that she could appeal that issue. Particularly if she. Well, especially if she, she won the case, we could try. We could try a novel. Appeal on a favorable order, but it's just not clear that we would be able to get review there. I see. I'm very, very close to my time. I want to make sure that I don't go. I don't offend the court by going too far into this, but I'm happy to continue to discuss the. Jurisdictional issues, or I'll just speak briefly on them until you're talking until we have a question. The merits. All right. Well, in that case, if there are other questions regarding the collateral orders. Issue, I'm happy to discuss it. The parties in this case are adverse. I'm aware that there's an article for a concern. The parties in this case are adverse. The secretary has issued citations and the operators have contested them. So that creates an adversity. It would be sort of absurd if this court could not give relief for lack of adversity. And then the parties returned to the on remand and then went to trial. I'm happy to speak more about that, or I'll move quickly to our merit positions. So, I think at the heart of this case is the fact that the statute gives the commission limited review authority over proposed penalties that have been contested under section 105. SNS designations and vacatures are not. Penalties I'm very happy to take. Questions sort of about our merits position, but that is the heart of it. All right, we'll give you a couple of minutes. Thank you. Mr. Thank you. Judge Henderson, Soren Schmidt as court appointed amicus with me at council table is Patrick powers. My colleague with me on the briefs. Congress created the federal mine safety and health review commission to address a pattern, a disastrous pattern of lenient settlement agreements between mine operators and government enforcers. In these consolidated appeals, the secretary seeks an exemption from the reason giving requirements that Congress created. In order to avoid such settlements in the future, her appeals are deficient for 3 reasons. 1st, the commission should be here. It has a direct stake in the outcome of this appeal and without it, the parties, the remaining parties are not adverse. 2nd, these appeals are premature. The secretary can press her claims of prosecutorial discretion on appeal from a final order of the commission as required by law. Any delay between now and then will not imperil substantial public interest. Finally, the secretary's appeals lack merit. When she removes an SNS designation or vacates a citation in the context of a settlement agreement, contested penalties are compromised by mutual concessions, mitigated and harshness and ultimately settled by agreement. That triggers section 110K's approval requirements 3 times over. The secretary's contrary reading would evade the accountability that Congress created to protect mine workers and eviscerate the text of section 110K. I welcome the court's questions. I guess on your question about on your argument that the commission needs to be here. I find that a really difficult position for you to support because if it's true that. Parties are no longer adverse as soon as they've reached a settlement agreement, even before it's been approved. That doesn't the district court lose jurisdiction over every case where there's a settlement or there's a plea agreement. Not at all. Your honor in district court proceedings. The district court remains jurisdiction over the entire controversy, which can include the initial disagreement between the parties and the potential for them to settle the whole thing. What if they've settled every issue? So, even settling an issue, these open the possibility of reopen our, for example, in the digital equipment case from the Supreme Court, that's where a district court had initially approved a settlement in a trademark dispute. But later, the parties moved to reopen it. So, it's necessary. Why is this different from the, the. Cases, so the difference here, your honor is that on appeal, there's a single issue and on that single issue, the parties are not adverse in any respect. So, the single issue is whether the secretary required approval from the commission in order to so there's an appeal of. An issue that involves a settlement in the district court, we wouldn't have jurisdiction of that either. No, your honor, because typically those appeals would be coming from, for example, a final order where there would be an adverse decision 1 way or another against the parties. And in that position, they would have the standing to appeal. They would have adverse interests on appeal. So, what if the district court rejected a plea agreement between the government and the defendant and both the government and the defendant thinks that plea agreement is good. And they take the same position on appeal. Do we have jurisdiction over that case? Yes, you would your honor and that's because, for example, as the plea bargain cases cited in our brief show, that case would have eventually gone before the district court on to sentencing. And from there, there would be grounds to do a final order appeal and that final order and the winner and loser before the district court would provide the adversity necessary for the appeal in general. And then, as to the particular issue that they were raising, ventilating about an earlier era of the district court. So, are you think that our jurisdiction hinges on a case by case analysis of what happens in each individual case after settlement? No, your honor, I think what I'm saying is looking at, for example, this court's precedent in cases like Cortez. There, the court explained that in order for there to be adversity on appeal, the parties need to have adverse interests, meaning that there's a winner and loser below. So there can be a loser and a winner on appeal. I just don't see why there's not also a winner and a loser in a mine act safety situation because ultimately they are adverse because there's been a citation issued against the mine or the mine company. And they are ultimately adverse just because they settled. It doesn't change that. That's right. Your honor. And it doesn't change that before the commission. But as to this appeal, where the parties are in total agreement, there is more of an adversity problem because here, just, for example, if the secretary succeeds on her merits claim and wins, there won't be any party to seek rehearing or file an appeal or seek cert of that decision reappointed me. Well, to my understanding, your honor can help provide oppositional arguments, and I'm certainly going to try to do my best there, but there's a different aspect of adversity, which is the idea of adverse interests. And that's what, for example, motivates a party who has rights to file an appeal or develop strategic support for the case. Things that are beyond the scope of appointment for an amicus here. For example, at least I'm not aware of any situation where a court has appointed an amicus to decide whether to seek rehearing or file an appeal of some kind, because traditionally, that's a role that's reserved exclusively to parties. That this, by the way, is what distinguishes this case from situations where, for example, the government confesses error below or the Supreme Court's practice of appointing amicus, because they're even where the government is confessing error on appeal. They won below and have something to lose on appeal. And those are the adverse interest that this court explained in Cortez are essential to this court's jurisdiction on appeal. I will note, though, just to not fight too hard on this, your honor, that I think the key distinction between this case and cases like oil and Hinson is that the commission is in the position of having direct stakes in the outcome of the appeal typically have direct stakes any more than a district court does. Because typically, when a district court is ruling on it on a case before it, it's resolving a dispute as between the parties themselves, not dispute about the scope of its own authority as the commission was here. That's true. I mean, if it's a district court says, I get to approve your appeal or not, and somebody contests that it's the same as a commission saying, I get to approve your appeal or not. I think I just don't see what the difference is. Neither of them has a personal or, I guess, a party type stake in these proceedings. They're just ruling on this and you are challenged or the parties are challenging whether they ruled correctly or not. I just don't see how that has anything to do with the commission's own interests or the district court's own interests. I guess you like to be affirmed, but I just don't see that they have any interest institutional interest in the outcome of any case in run of the mill cases. I believe that's true. Your honor. For example, the commission has no interest in whether a particular citation was correctly brought or what the right penalty amount should be. Other than, of course, it would like to be affirmed, but here it has an institutional interest in the scope of its own authority grant under section. The logical outgrowth of that argument is the district court has a personal or institutional interest whenever it asserts authority to do something that the parties say it can't do. And that just can't be right. I think that's true. Your honor. There are, I would, I think, no rare instances where, for example, a district court's authority is challenged through something like a writ of mandamus and there, the district court judge would be represented on appeal in that not quite personal capacity. But even aside from mandamus context, there are countless cases where the district court will assert an authority and the parties will say, you don't have an authority to do that based on a statute based on rule, whatever district court does not have an interest institutional interest in being more powerful to do this. Okay. It just doesn't. It's just being challenged. So I just, I find this whole line of argument really puzzling that that's fair. Your honor. I, I think my, my position here is that reading this court's cases in oil and Henson is that those are distinguishable for the reasons that I've mentioned. If we were to decide this case, basically stating that we don't have jurisdiction based on collateral orders doctrine, would you still say the condition is needed to be here to participate? Not necessarily your honor, my submission is, of course, that the commission could have and should have been here from the start. But if this court were to reach a jurisdictional holding, like that, the collateral order doctrine does not apply. I don't think you would need to reach the issue of whether the commission needs to be here in the interim. It would probably need to confront that. Ultimately, when the case comes back on final appeal, but at this time, for order of operations purposes, I don't think it would need to address it. What's your understanding of the history of this issue? Because it seemed to me that. I thought that the secretary was asserting this type of authority in this context for the 1st time in these cases when there must have been many, many that came before these cases in which it didn't arise. And it seems to me that the cases that you're from the other side settled didn't deal with post settlement dismissals. And I'm just curious as to why now? Why is this issue rising? Yeah, my understanding. Your honor is that there's a bit of a mixed history over the past couple of decades with some inconsistency about when and if the secretary is providing explanations for these kinds of changes to contested penalties again. This might be a place where, for example, the commission is better positioned institutionally to give you a more thorough answer, but I would point you to a couple of cases that I think are illustrative. So, 1 is the American aggregates commission decision, which is cited in the briefs there. My understanding is the commission required some form of explanation from the secretary for removing SNS designations. That's a 2020 decision. What had happened in that case is that the in the 1st instance applied quite rigorous test to the removal of SNS designations. That went up to the commission. They said, no, that was too rigorous. You still need to apply our typical standard and our approval is required, but you were just a little too exacting in this group. So, so there was no contest as to the authority to review it. It was just the standard that was applied was too rigorous. That's right in the, in the American aggregates case. Yes, in that case, then the secretary did provide information about why. I'm actually not sure how ultimately that case was resolved your honor. I mean, even. Oh, even before the commission's decision, because. It seems to me that the issue before is now is if the wants to approve these settlements, they might ask, why did you dismiss the SNS? And the secretary is saying, I don't have to tell you that discretion. And there are cases that I've seen where the secretary didn't provide an explanation and then. The would just say, do the facts support an SNS or not. Which is not the same as approving a settlement in which is dismissed because you could just dismiss an SNS for reasons unrelated to whether it's actually supported. It could be a give and take. It could be a bargain. Totally. So, I guess my question is, in the case that you just cited, was it on all 4s with this case where the said, why did you dismiss that SNS? And did the secretary tell them why? And then he applied to rigorous standard, or did he just do that without requiring the secretary to explain herself? Yeah, my understanding is the former your honor where there was some explanation provided, but the. I didn't accept that and applied more of a rigorous standard. I don't have it fully at my finger. Exclamation was provided about the SNS. That's right. That's right. So. The secretary didn't say, I don't have to tell you anything about why I'm doing this. As I passed your discussion, at least not to my memory. No, your honor. I don't want to speak to authoritatively without having refreshed myself, but that's my recollection. At least. Okay. The other case I would just note along that line is the PC sand and gravel case, which is from 2010. that's an ALJ decision where the ALJ, the secretary wanted to vacate citations as part of a settlement agreement. The ALJ said, hey, I'd like some reasons for that. The secretary initially resisted, but then ultimately did provide those reasons. So, that's another example of where, at least as recently as 2010, the secretary has provided explanation for them. Thank you. All right. All right, if there's nothing further, thank you, your honor. You were appointed by the court. Pardon? You were appointed by the court and you've done an outstanding job and we thank you. Thank you. Your honor. It's my privilege. All right, Miss Falls, why don't you take 2 minutes? Thank you. So, I'd like to just clear up the history of this issue, the question about the history of this issue. The commission has never required before these orders, the secretary to justify her decision to vacate a citation or her decision to remove S&S. What about PC sand and gravel? If PC sand and gravel is an ALJ case, it's non-precedential. I'm sorry. I'm not, I don't have it. It's not about non-precedential or not. It's you're saying she's never done it before. But in your friend, the other side says, in this case, she was asked, why are you vacating these? And she did provide reasons. Well, if that's the case, then I don't believe that that case holds that she was required to do that. That wasn't the question. I had asked, have you ever done this before, whether it's required or not? And you had said, no, she never has. But apparently there's a, well, let me clarify that certainly at times, it seems that that an RBK, for example, the secretary said, we're vacating these citations for lack of jurisdiction. There have been times where the secretary has included an explanation, but there's never been a requirement that she do so. And typically she does not do. So it's that wasn't that wasn't the question I had asked you, though. So I do apologize if I misrepresented that the secretary has at times provided an explanation here and there in the thousands and thousands of settlement proposals that she's submitted, but it's not a requirement. It's not ever been a requirement of the commission prior to these. Well, I suppose it hasn't been a requirement since RBK and Mechanicsville in these in the commissions in the past 30 years. And when the secretary has provided those explanations, it's not because she's required to, it's just sort of, you know, there's there's a few anomalous cases where she has included an explanation that she wasn't required to give. So I. Are vacators in the SMS designations or redesignations required to be part of the settlement agreement? So let me see if I'm answering this clearly. In the settlement proposal, you know, in the motions with the proposed settlement, the secretary includes that she has vacated a citation or that she has removed SMS. But she does not include typically the an explanation about that decision, but but the, but the fact of it is included there. So, again, just to make sure I'm being perfectly clear about the history of this issue, you know, the commission has recognized the secretary's total discretionary authority to vacate a citation without its review in several cases in the past. I've got a quote from black beauty here that I don't want to read to the court, but essentially, it says that the commission doesn't have review authority over the secretary's enforcement decision to vacate a citation. And that's been the commission's position. The commission and the secretary have agreed that's pre that's pre contesting. No, that's I believe that's post contest and that's been I don't think that's right. I don't think there we haven't been able to find any case that addresses this post contest. Well, because, of course, there's there's discretion, but there's actually a statute provision that says after contest. It has to be approved and we haven't found any case on point. Well, I disagree with this contest. I disagree with the, with the point that it has to be that these decisions have to be approved post contest under 1, 10 K, 1, 10 K deals only with proposed penalties. It's not what penalties can't be separated from the, the issues that arose with the penalties and the language is broad. It doesn't say just penalties. It says mitigating all these other things that deal more than than just a monetary up and down. I disagree and other parts of the statute, even cited in your brief, they say monetary penalties. So, when they mean monetary penalties, they say so. So I, we don't need to get into. I don't think these merits because I, I tend to think that there's no jurisdiction. Well, perhaps I should turn I don't want to go over my time. I'm happy to discuss the collateral. Oh, I'm sorry. Can you repeat the question that I've left hanging? I, I guess, ultimately, I didn't see any cases on point that said post contest. The secretary has absolute discretion to. Dismiss things, or, you know, et cetera without approval of the commission that the. That your argument of discretion doesn't extend to that time period after there's been a contest and your argument just seems to hang on. Parsing the word penalty in a way that makes very little sense to me. So, so I apologize if I misunderstood this, but. Each of those cases arises in a post all of the cases that we've cited because they are under review by the commission. A rise in a post contest context, the operators of contest contest dismissal. And then refusal to explain. So there are no cases like that. I, I, I believe that that's mechanics bill and that's American aggregates and. And I apologize, I think I'm just missing something fundamental about your question, but though I. In so far as the commission doesn't say this is the secretary has absolute discretion post contest that the literal. Inclusion of that, I think that that's fair, but. But that's what those cases mean. I understand your position. All right. No more questions. Thank you.
judges: Henderson; Childs; Pan